USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-29-08



**MEMO ENDORSED**

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

BRIAN FRANCOLLA
*Assistant Corporation Counsel*
Tel.: (212) 788-0988
Fax: (212) 788-9776

July 29, 2008

**BY FACSIMILE: (212) 805 7930**
Honorable James C. Francis
United States Magistrate Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

      Re: <u>Pedro Juan Tavares v. The City of New York, et al.</u>,
          08 CV 3782 (JSR) (JCF)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to handle the defense of the above-referenced matter on behalf of defendants City of New York and the New York City Department of Correction. In that capacity, I write to respectfully request a sixty-day enlargement of time, from July 29, 2008 until September 29, 2008, within which City defendant may answer or otherwise respond to the complaint. I write directly to the Court because plaintiff is incarcerated and proceeding *pro se* in this matter. This is the first request for an enlargement of time.

      The complaint alleges that plaintiff was assaulted on July 17, 2007 by Correction Officers of the New York City Department of Correction. In addition to the City of New York and the New York City Department of Correction, plaintiff names Warden Bailey, Captain Glover, Captain Pee, Correction Officer Jean and an unidentified correction officer as defendants. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. Given the allegations in this case concerning plaintiff's physical and/or psychological injuries, an enlargement of time will allow this Office to forward to plaintiff for execution authorizations for the release of medical records for any treatment received as a result of the alleged incident. Accordingly, City defendants require this enlargement so that this Office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure.

Moreover, we must ascertain whether the individuals named in this action have been served with the summons and complaint.[1] If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent each individual. Each individual must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain each individual's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration herein.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Pedro Juan Tavares (By mail)
Plaintiff *Pro Se*
DIN # 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
George Motchan Detention Center
15-15 Hazen Street
East Elmhurst, New York 11370

7/29/08
Application granted.
SO ORDERED.
James C. Francis IV
USMJ

---

[1] From a review of the docket sheet, the individual identified in the caption of the complaint as Correction Captain Glover may have been served with a copy of the summons and complaint on July 15, 2008. Additionally, from a review of the docket sheet, it does not appear that the individuals identified in the caption of the complaint as Warden Bailey, Captain Pee and Correction Officer Jean have been served with a copy of the summons and complaint, and upon information and belief, these individuals have not requested legal representation from the Office of the Corporation Counsel. Without making any representation on behalf of these individuals, it is respectfully requested that, in the event they were served, their time to respond to the complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.