UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :

PEDRO JUAN TAVARES,                            :

                               Plaintiff,        :        08 Civ. 3782 (PAE)
             -v-                              :
                                                    :        OPINION AND ORDER
CITY OF NEW YORK; EMANUEL BAILEY, Warden;  :
VANESSA SINGLETON, Deputy Warden; MS. DRAIN, :
Captain; MS. GLOVER, Captain; MS. PENNANT,     :
Corrections Officer; MR. JEAN, Corrections Officer,   :
                                                      :
                                  Defendants.      :
                                                        :
------------------------------------------------------------------------X

**PAUL A. ENGELMAYER, District Judge:**

      Plaintiff Pedro Juan Tavares, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against the City of New York, Warden Emanuel Bailey, Deputy Warden Vanessa Singleton, Captain Drain, Captain Glover, Correction Office Pennant, and Correction Officer Jean (collectively, the "City Defendants"). In his amended complaint, Plaintiff alleges that each of these defendants violated several of his constitutional rights while he was detained at the George Motchan Detention Center (GMDC) on Riker's Island. Judge Jed S. Rakoff, to whom this case was originally assigned, referred the action to Magistrate Judge James C. Francis for general pretrial proceedings. The City Defendants and Tavares have cross-moved for summary judgment. On October 17, 2011, Judge Francis issued his Report and Recommendation pursuant to 28 U.S.C. § 636(b), recommending that the Court deny Plaintiff's motion and grant the City Defendants' motion. Plaintiff has filed objections to Judge Francis's Report and Recommendation.

DISCUSSION

The Court refers the reader to the Report and Recommendation for the background of the case, the facts, and the applicable law. In view of Plaintiff's objections, the Court sets forth the following brief analysis.

I. **Standard of Review**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). It is not required, however, that the Court conducts a *de novo* hearing on the entire matter. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions to which objections were made. *Nelson v. Smith,* 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983)). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Thus, as to Plaintiff's objections relating to the City Defendants' motion for summary judgment, *de novo* review requires application of the summary judgment legal standard.

2

## II. Summary Judgment Standard

It is well-settled that a party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 285-86 (2d Cir. 2002). Since summary judgment is an extreme remedy, cutting off the rights of the non-moving party to present a case to the jury, *see Egelston v. State Univ. Coll. at Geneseo*, 535 F.2d 752, 754 (2d Cir. 1976), the Court should not grant summary judgment unless "it is quite clear what the truth is [and] that no genuine issue remains for trial." *Auletta v. Tully*, 576 F. Supp. 191, 195 (N.D.N.Y. 1983) (internal quotation marks and citations omitted), *aff'd*, 732 F.2d 142 (2d. Cir. 1984). In addition, "'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also Richardson v. New York State Dep't of Corr. Serv.*, 180 F.3d 426, 436 (2d Cir. 1999) (stating that "[w]hen considering a motion for summary judgment the court must draw all factual inferences and resolve all ambiguities in favor of the nonmoving party").

Once the moving party discharges its burden of proof under Rule 56(c), the party opposing summary judgment "has the burden of coming forward with 'specific facts showing that there is a genuine issue for trial.'" *Phillips v. Kidder, Peabody & Co.,* 782 F. Supp. 854, 858 (S.D.N.Y. 1991) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256. Indeed, "the mere existence

of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment.  *Id.* at 247 (emphasis in original).  Rather, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor.  *Id.* at 248.

### III. Plaintiff's Objections

#### A. New Evidence Offered in the Objections

The Court notes that, in his objection to the magistrate's Report, Plaintiff makes new claims and alleges new facts.  First, Plaintiff asserts that, although he had admitted in his deposition that none of the medical professionals who examined him following the alleged incident attributed his conditions to the incident, he now has identified a doctor "who will testify in trial that the injuries suffered . . . are attributed to the incident of July 17, 2007." Pl. Obj. at 4 (Dkt. 74).  Second, Plaintiff offers a conclusory explanation as to why none if the earlier examining physicians had attributed his condition to the incident; he claims that the doctors who treated him during his detention at the GMDC "did not want to loose [sic] their job[s], since they work for a medical corporation that is under contract by the City of New York." *Id.* at 5.

Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation. *See Feehan v. Feehan*, No. 09-cv-7016, 2011 WL 3734079, at *2 (S.D.N.Y. Sept. 22, 2010) ("it is inappropriate for the Court to consider new evidence upon review of a Magistrate's Report and Recommendation, when Parties had an opportunity fully to brief their Cross-Motions before the Magistrate").  Because Plaintiff failed to submit his evidence to the magistrate judge during the nearly six months between the filing of the instant motion and the preparation of Judge Francis's Report and Recommendation, Plaintiff's untimely-submitted evidence is not properly before this Court.  *See, e.g.*, *Pan Am. World Airways v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990) ("A district judge is not required to hear or

4

rehear any witness, and Pan Am had no right to present further testimony when it offered no justification for not offering the testimony at the hearing before the magistrate.") (citation omitted); *Abu–Nassar v. Elders Futures,* No. 88-cv-7906, 1994 WL 445638, at *4 n.2 (S.D.N.Y. Mar. 18, 1994) ("In their Objections to the Report plaintiffs contend that Elders indeed terminated the Agreement in bad faith, and plaintiffs cite record evidence. These arguments were not raised before Magistrate Judge Dolinger, and are not submitted as objections but as new arguments. Accordingly, plaintiffs' arguments and evidence are untimely. If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments.") (citations omitted); *Ramos v. Johnson*, No. 09-cv-0899, 2011 WL 807430, at *2 (N.D.N.Y. Mar. 2, 2011) ("To the extent that Plaintiff's Objections seek to reopen discovery, add additional claims, name additional parties, or excuse his non-response to Defendants' Motion for summary judgment, they are improper, untimely, and, in any event, wholly conclusory and insufficient to survive summary judgment.") (footnote omitted) (citing *Matsushita Elec. Indus. Co. v. Zenith Corp.*, 475 U.S. 574, 586 (1986)).  Accordingly, the Court has given these untimely and conclusory submissions no consideration.

   **B.  Excessive Force**

  Although Plaintiff's claim of excessive force arose out of an incident that occurred during pretrial detention, and thus is analyzed under the Due Process Clause of the Fourteenth Amendment, in practice that analysis utilizes the same standard as claims by convicted prisoners under the Eight Amendment. *See Mayo v. County of Albany*, 357 F. App'x 339, 341 (2d Cir. 2009).  Thus, to survive the summary judgment motion, the excessive force claim must satisfy the two-part inquiry of *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (citing *Wilson v.*

5

*Seiter*, 501 U.S. 294, 298-99 (1991)), to wit, (1) that the force used objectively violates "contemporary standards of decency," *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009) (citation omitted), and (2) that the defendant has the necessary subjective degree of culpability.

Even viewed in the light most favorable to Plaintiff, the facts he alleged in the amended complaint and reiterated in the Objections to Judge Francis's Report and Recommendation do not permit a finding that the conduct was "objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian,* 503 U.S. 1, 8 (1992) (citation omitted).  In fact, this Court has held that a forceful pat frisk, which Judge Francis correctly observed is the most serious physical contact that the Plaintiff alleges in his amended complaint, does not constitute excessive force under the Eighth Amendment and is insufficient to survive summary judgment. *See Kalwasinski v. Artuz*, No. 02-cv-2582, 2003 WL 22973420 (S.D.N.Y. Dec. 18, 2003). Accordingly, Plaintiff's objection to Judge Francis's finding—that injuries sustained are at most *de minimis* and do not give rise to a colorable action under Section 1983—is without merit.

### C.  Conspiracy

In his objections to the Report, Plaintiff reiterates his claim that the defendants conspired to prevent the investigation of the alleged incident by destroying relevant security camera footage.  Plaintiff further reasserts that if the footage from the security camera were available, it would supply the evidence necessary to establish the elements of a claim under 42 U.S.C. §§ 1983, 1985, and 1986.

This objection is also without merit.  First, Plaintiff does not demonstrate that an agreement was made between two or more state actors or a state actor and a separate private party to inflict an unconstitutional injury, or that an overt act was completed in furtherance of that goal.  *See Ciambriello v. County of Nassau,* 292 F.3d 307, 324-25 (2d Cir. 2002).  Thus,

6

Plaintiff does not satisfy the elements of a conspiracy claim under Section 1983. Conclusory allegations regarding alleged bad acts are insufficient. *See Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993). Second, Judge Francis correctly states that the footage that the Plaintiff seeks to introduce would, at best, support the allegations that Plaintiff has already made. Even viewed in the light most favorable to Plaintiff, the allegations in Plaintiff's amended complaint are insufficient to survive the defendants' summary judgment motion.

## CONCLUSION

Careful review of the Report reveals that there is no facial error in its conclusions. Pursuant to 28 U.S.C. § 636(b)(1), this Court made a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon such review, and after reviewing the submissions, the Court adopts the Report and Recommendation in all respects. Accordingly, the Court grants summary judgment to the Defendants. The Clerk of the Court is directed to enter final judgment and to close item number 69 on the docket of this case.

In addition, the Court declines to issue a certificate of appealability. Plaintiff has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir.2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: November 23, 2011
New York, New York